## ANIMARIUM CO. v. BRIGHT.

### (Circuit Court, D. New Jersey. July 10, 1897.)

**CONTEMPT—INTERFERENCE WITH PROPERTY IN CUSTODY OF COURT—DELIVERY OF GOODS UNDER WRIT OF REPLEVIN**

Where a marshal, who had taken goods on a writ of replevin directing him to deliver them to the plaintiff, permitted plaintiff's agents to pack the goods, load them into a car, and procure a shipping receipt and bill of lading therefor, such acts constituted a delivery to the plaintiff, and the goods thereby passed out of the custody of the court, and a sheriff who thereafter levied on them under a writ of attachment issued by a state court was not guilty of contempt of the federal court.

Rule against a sheriff to show cause why he should not be adjudged guilty of contempt.

Charles Howard Williams, for plaintiff.
John Whitehead, for the rule.
Albridge C. Smith, opposed.

KIRKPATRICK, District Judge. On the 18th day of May, 1897, a writ of replevin was sued out of the United States circuit court for the district of New Jersey at the suit of the Animarium Company, a nonresident corporation, against Thomas Bright, directing the marshal, if the plaintiff should make him secure, to replevy and deliver to the plaintiff the goods and chattels named in the schedule annexed to said writ. Robert A. Haggerty, a deputy marshal of said district, on the 22d day of May last executed the said writ, and returned that he had "levied and attached the goods and chattels named in said return." On the —— day of May, C. H. Williams, the attorney of record of the plaintiff in replevin, requested the marshal to permit certain persons whom he would send to prepare the goods for shipment. Accordingly, a Mr. McElligott went to Woodford, Morris county, N. J., where the goods were, and proceeded, with the consent of the marshal, to pack the goods. When they were packed, McElligott ordered from the agent of the railroad company a car to be placed on the near-by switch to receive the packages, and on the 2d day of June the car was loaded with the same. On June 3d McElligott procured from the railroad agent a shipping receipt for the goods and a bill of lading for the same. They were directed: "A. McGlincey. Notify Animarium Company, Detroit, Michigan." As soon as this was done, French, who had been placed in charge by the deputy marshal, left Woodford, and went to Dover. On the 27th day of May a writ of attachment was issued out of the circuit court of the county of Morris, in the state of New Jersey, in favor of Thomas Bright, against the Animarium Company. Durling, the sheriff of

said county, attempted to execute the same by attaching the goods and chattels which had been replevied by the marshal in this suit; but learning, as he says, that the property was in the possession of the marshal, he returned his writ unsatisfied, because he was "unable to find any goods and chattels in his county whereon to levy." On June 1st another writ of attachment was sued out of the said Morris county circuit court against the Animarium Company by the said Thomas Bright, and placed in the hands of Durling, sheriff, for execution. On June 3d, after the issuance of the shipping receipt and bill of lading for said goods as above set forth, the sheriff levied upon them as the property of the Animarium Company. The car containing the property was detained by the railroad company, and French, the marshal's keeper, finding that it did not go forward as he expected, notified the deputy marshal, who proceeded to Morris county, and demanded that the car and the goods should be dispatched as directed by McElligott. The sheriff of Morris county still retains the possession of the property under his writ, and the motion now is for this court to adjudge him guilty of a contempt for interfering with its process. When the federal court has acquired possession of property by a writ of replevin, and the same remains in the hands of its officer, it is in the care of the court, free from interference by the process of any other tribunal. To hold otherwise would, in the language of Judge Grier in Peck v. Jenness, 7 How. 624, "produce a conflict extremely embarrassing to the administration of justice." So long as the property is in the custody of the officer for the purpose of enabling him to deliver it according to the exigency of the writ, it cannot be taken from him by any one, even though acting under a valid writ issuing out of a court of competent concurrent jurisdiction, but when the court's officer parts with the possession of the property, and according to the directions of his writ makes delivery to the plaintiff in replevin, the property is no longer under the care of the court, and any third person may claim it to make service of his writ upon it. Crane v. McCoy, Fed. Cas. No. 3,354.

The question, then, in this case, is one of fact: Had the marshal, on June 3, 1897, made delivery to the plaintiff in replevin of the goods and chattels described in the schedule annexed to the writ? The writ was returnable and returned June 3, 1897, but in making his return the marshal only states that he "executed said writ on the 22d day of May, 1897, by levying upon and attaching the following named articles." The writ fails to show whether, as directed therein, he had delivered the said goods to the plaintiff. The object of the writ being to enable the plaintiff to obtain possession of his property, which has been unjustly detained, and the statute of New Jersey, which was binding upon the marshal, requiring that he should "proceed to make deliverance thereof to the plaintiff in said writ named" unless the said defendant should, within 24 hours after service of the writ of replevin upon him, deliver a written claim of property specifying the goods and chattels so claimed, and give bond with one or more sureties in double the value of the goods, with condition to deliver the said goods and chattels to the plaintiff if the same shall be adjudged to the plaintiff, and no such claim having

been made by the defendant, and no such bond having been given by him, the presumption is that the officer obeyed the directions of the writ. It appears by the testimony of witnesses that the goods replevied were of such character that they could not be removed to the domicile of the plaintiff company without being first packed in crates or boxes; that several persons were sent from New York by or on behalf of the plaintiff, under the direction of a man named McElligott, to prepare the goods for shipment, and that they, with the assent of the marshal and Mr. French, the person whom he had left in charge of the property, packed the same in cases; that said McElligott ordered a car to be placed on the railroad switch to receive the goods when packed, and that with the knowledge of the marshal and Mr. French they were removed from the premises where they had been seized by the marshal, and placed in said railroad car; that with the like knowledge of the marshal and Mr. French said McElligott obtained from the agent of the railroad company a shipping receipt for said goods, and a bill of lading for the same; that the goods were shipped to Detroit, Mich., "A McGlincey. Notify Animarium Company"; that French, the keeper, had knowledge of such shipment, and acquiesced therein; that after it was made the said French left the locality where the goods were, and went to Dover, expecting, as he himself says, that he would meet the car at Port Oram, en route for its destination. When he learned that the car was detained by the sheriff's attachment, he notified the marshal, and both he and the marshal demanded of the agent of the railroad company that it should be forwarded in accordance with the orders of McElligott, thereby ratifying his act. It is in evidence that McElligott said to more than one person that he was the agent of the Animarium Company for the packing and shipping of the property. McElligott, though present at the time of the taking of plaintiff's testimony, was not called as a witness to deny this statement. We know that it is true that he was sent to pack them, and that with the permission of the marshal he did ship them. The statements of the marshal and Mr. French that they made no delivery to the plaintiff, in view of the facts set forth, have but little weight. I am of opinion that at the time the sheriff of Morris county levied his attachment on June 3d the possession of the property had passed from the marshal with his consent, and the goods and chattels were no longer in the custody of the court. It therefore follows that the sheriff was not guilty of any contempt of the authority of this court in the execution of his writ. The rule to show cause will be discharged.